IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------

ALAN ANDERSON                             :
14 Cover Court                            :
Hainesport, NJ 08036                      :          Civil Action No.: _____
                                          :
                                          :          **JURY TRIAL DEMANDED**
                 Plaintiff,               :
                                          :
    v.                                    :
                                          :
HARTMANN USA, INC.                        :
481 Lakeshore Parkway                     :
Rock Hill, SC 29730                       :
                 Defendant.               :

---------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff Alan Anderson ("Plaintiff"), by and through his undersigned counsel, for his Complaint against Hartmann USA Inc. ("Defendant"), alleges as follows:

### INTRODUCTION

1.    Plaintiff brings this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1, *et seq.*, and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-1, *et seq.*

### PARTIES

2.    Plaintiff, Alan Anderson, is an adult American citizen who presently maintains a residence at 14 Cover Court, Hainesport, NJ 08036.

3.    Upon information and belief, Defendant, Hartmann USA, Inc., is a corporation located in Rock Hill, South Carolina with employees working remotely and conducting business

in various States including New Jersey with its principal place of business located at 481 Lakeshore Parkway, Rock Hill, SC 29730.

4.     All at relevant times hereto, Plaintiff was working for Defendant remotely at his New Jersey home.

5.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

6.     Paragraphs 1 through 5 are hereby incorporated by reference as though the same were more fully set forth at length herein.

7.     On or about October 27, 2017, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e).  Plaintiff's EEOC charge was docketed as Charge No. 530-2018-00383.  Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice alleged herein.

8.     By correspondence dated April 23, 2018, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

9.     Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

10.     This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), as detailed herein.

2

11.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12.     This Court has pendant jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative fact as his federal claims.

13.     The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendant resides in this district and conducts business therein, and the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

14.     Paragraphs 1 through 13 are hereby incorporated by reference as though the same were more fully set forth at length herein.

15.     Plaintiff is African American.

16.     Plaintiff began his employment with Defendant on or about January 25, 2016 in the position of Sales Representative, working remotely from his home in New Jersey.

17.     At all times material hereto, Plaintiff performed his job duties well, receiving positive feedback, bonuses, raises and no discipline.

18.     In or about November 2016, Defendant contacted Plaintiff and invited him to interview for the position of National Sales Manager.

19.     Plaintiff completed an initial interview with Defendant's Human Resources division in late November 2016.

20.     Approximately two (2) weeks later, Plaintiff learned that Defendant had selected another candidate, Mike McDaniel ("Mr. McDaniel"), Sales Representative, for this role.

21.    Upon information and belief, Mr. McDaniel's sales record was below the average of that of Defendant's Sales Department employees.

22.    In or about early 2017, Mark Pershani ("Mr. Pershani"), National Account Manager, inquired with Plaintiff regarding his interview for the aforementioned National Sales Manager role.

23.    Mr. Pershani then divulged that Defendant had "Checked the box" regarding its decision to interview Plaintiff.  Mr. Pershani further clarified that Defendant had "Rooney-ruled" Plaintiff with respect to its decision to interview him for this role, a colloquial term referring to the National Football League's policy requiring teams to interview minority candidates for upper-level coaching and operations jobs.

24.    Mr. Pershani's remarks indicated that Defendant did not give sincere consideration to his application, but rather, encouraged him to solely apply on the basis of his race.

25.    Plaintiff believes his interview was a charade by Defendant intended to create the appearance of a racially inclusive hiring process.

26.    Shortly thereafter, in or about March 2017, Plaintiff encountered Mr. McDaniel, who remarked to Plaintiff that he had "held up [his] job."  When Plaintiff asked to what specifically he was referring, he divulged to Plaintiff that he was offered the position before the date of Plaintiff's interview.

27.    Mr. McDaniel's confirmation that he had been hired for the position for which Plaintiff interviewed before Plaintiff's interview took place solidified Plaintiff's belief that he had been interviewed purely on the basis of his race, and that Defendant had no sincere interest in hiring him.

28.     Offended and concerned by Defendant's behavior, on or about March 30, 2017, Plaintiff contacted Defendant's Human Resources division and reported that he believed that Defendant had engaged in a racially discriminatory employment practice by interviewing him for a position which had already been filled to, apparently, to appear as though it had considered a minority applicant.

29.     Plaintiff registered his report of race discrimination with Gabrielle Müller ("Ms. Müller"), Human Resources representative.

30.     In this report, Plaintiff brought to Defendant's Human Resources Department's attention Defendant's illegal and discriminatory hiring and interview processes.

31.     On the following day, March 31, 2017, Defendant terminated Plaintiff's employment for reportedly submitting expense reports with discrepancies.

32.     Defendant did not follow any progressive discipline policy before terminating Plaintiff.

33.     Prior to Plaintiff's complaint of race discrimination, Plaintiff had never before been disciplined by Defendant.

34.     Curiously, upon information and belief, another employee recently made hundreds of dollars of unauthorized purchases and received only a verbal counseling regarding same.

35.     As such, it is upon information and belief that Defendant's suggested reason for Plaintiff's termination is pretextual, and that he was actually terminated on the basis of his race and in retaliation for his report of discrimination in connection thereto, in violation of Title VII and Section 1981.

36. It is also believed and therefore averred that Defendant terminated Plaintiff because of Plaintiff's complaints regarding Defendant's illegal activities.

37. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## DISCRIMINATION AND RETALIATION

38. Paragraphs 1 through 37 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

39. Defendant employed at least fifteen (15) employees in its location at all times relevant hereto.

40. Plaintiff is African American.

41. Plaintiff met the minimum qualifications for his position and was, at all times relevant hereto, performing his job satisfactorily.

42. On or around March 31, 2017, Plaintiff was terminated for reasons which were clearly pretextual.

43. Plaintiff made a complaint of racial discrimination to Defendant's Human Resources on or around March 30, 2017.

44. On or around March 31, 2017, Plaintiff was terminated in retaliation for his complaints to Defendant alleging racial discrimination.

45. Because of Defendant's unlawful acts, Plaintiff has suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, personal humiliation, and embarrassment.

46. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

 A. Back wages, front pay, loss of health benefits, and raises in an amount to be determined at trial, but no less than $150,000;

 B. Compensatory, exemplary, and/or punitive damages;

 C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

 D. Pre-judgment interest in an appropriate amount; and

 E. Such other and further relief as the Court deems just and equitable under the circumstances.

**COUNT II**
**VIOLATION OF 42 U.S.C. § 1981**
**RACE DISCRIMINATION AND RETALIATION**

47. Paragraphs 1 through 46 are hereby incorporated by reference as though the same were fully set forth at length herein.

48. Plaintiff avers that Defendant discriminated against him with respect to the terms and conditions of his employment and terminated his employment on account of his race and on account of his protected complaints regarding unlawful race discrimination in the workplace.

7

49.     These actions aforesaid constitute violations of 42 U.S.C. § 1981, and Plaintiff seeks relief for these adverse actions.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.     Back wages and front pay in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B.     Punitive damages, as permitted by applicable law, in an amount to be determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just and proper, including, but not limited to, emotional distress and/or pain and suffering damages;

D.     Plaintiff's costs, disbursements, and attorneys' fees incurred in the prosecution of this action;

E.     Pre-judgment interest in an appropriate amount; and

F.     Such other and further relief as is just and equitable under the circumstances;

G.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## COUNT III
## VIOLATION OF CEPA, N.J.S.A. 34:19-1, *et seq.*
## RETALIATION

50. Paragraphs 1 through 49 are hereby incorporated by reference as though the same were fully set forth at length herein.

51. Plaintiff is an employee covered by the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1, *et seq.*, and was thus entitled to the protections thereunder.

52. The CEPA provides that "[a]n employer shall not take any retaliatory action against an employee because the employee . . . [d]iscloses . . . to a supervisor . . . an activity, policy or practice of the employer . . . that the employee reasonably believes . . . is in violation of the law." See N.J.S.A. 34:19-3(a)(1).

53. Plaintiff disclosed to his Defendant's Human Resources Department a practice of Defendant that he reasonably believed was against the law. Specifically, Plaintiff notified Defendant that Defendant was utilizing discriminatory practices in its hiring processes violating the provisions of Title VII, Section 1981 and the New Jersey Law Against Discrimination.

54. By its actions alleged above, Defendant has violated the provisions of the CEPA by terminating Plaintiff in retaliation for complaining about Defendant's illegal practices.

55. As a result of Defendant's unlawful acts, Plaintiff has suffered and will continue to suffer severe harm.

**WHEREFORE**, Plaintiff demands judgment against Defendant for: back pay, front pay, loss of fringe benefits, and raises in an amount to be determined at trial; compensatory, punitive, and/or exemplary damages and damages for emotional harm and upset, humiliation, and embarrassment; Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action; pre-judgment interest in an appropriate amount; any and all relief provided for under the

CEPA; and such other and further relief as the Court deems just and equitable under the circumstances.

**COUNT IV**
**THE NEW JERSEY LAW AGAINST DISCRIMINATION**
**N.J.S.A. § 10:5-1, *et seq.***
**DISCRIMINATION AND RETALIATION- RACE**

56.     Paragraphs 1 through 55 are hereby incorporated by reference as though the same were more fully set forth at length herein.

57.     At all times relevant hereto, Plaintiff was an employee within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq.*

58.     Plaintiff is African American.

59.     Plaintiff met the minimum qualifications for his job and at all times relevant to Plaintiff was performing his job satisfactorily.

60.     Plaintiff was subject to racial discrimination by Defendant and made a complaint of racial discrimination.

61.     Plaintiff was terminated on or around March 31, 2017.

62.     It is believed and therefore averred that Defendant terminated Plaintiff's job on the basis of his race, and/or in retaliation for Plaintiff's complaints of racial discrimination.

63.     Defendant's conduct was intentional, deliberate, willful, and conducted in disregard to the rights of Plaintiff.

64.     As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the LAD.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

10

A.     Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

B.     Compensatory, exemplary, and/or punitive damages;

C.     Pre-judgment interest in an appropriate amount; and

D.     Such other and further relief as is just and equitable under the circumstances;

E.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____

Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267.273.1054
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated: July 16, 2018

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.